this. There, as the suit was one properly cognizable in equity only, the supreme court presumed it was heard and determined as such. Here the court at first proceeded summarily with the cause, treating it as a part of the principal suit in bankruptcy; but before it was finally disposed of, corrected the supposed error and set the matter down for hearing as a suit in equity. Thus was expressed what might have been implied under the ruling in Stickney v. Wilt [supra]. It is not necessary to inquire whether the court was correct when it decided that it could not take jurisdiction of the case upon a petition filed under the suit in bankruptcy. It is sufficient for all the purposes of this appeal that such was the decision, and that it was made at the instance of the defendant, Lisberger, himself. Certainly power to proceed in that way did not divest the court of its jurisdiction in equity; and if it did proceed in equity Lisberger cannot complain, because it was at his instance that this power of the bankrupt court was not employed.

It is, however, contended that the case was finally disposed of and the defendants discharged from further attendance when the order of dismissal was entered on the 16th of June. That order was avowedly made in the bankrupt suit. The motion was entered in that suit by Lisberger to dismiss the case from that jurisdiction. Any order made in the progress of such a suit could be vacated or modified by the bankrupt court upon proper showing at any time before the suit was finally disposed of, provided rights had not become vested under it which would be disturbed by the change. The supreme court has so decided in Sandusky v. First Nat. Bank, 23 Wall. [90 U. S.] 293. Here, no such rights had intervened, and the bankrupt court, upon application duly made, and after notice, vacated the order as one improvidently entered. This left the case in the district court to be proceeded with in such manner as might be proper. Lisberger certainly made himself a party to the bankrupt suit for all purposes connected with his motion, and was consequently amenable to any process that might be necessary to correct errors in the action which he in that way secured for his own benefit. I conclude, therefore, that the defence of the statute of limitations cannot be sustained, and that the case was properly in the district court for adjudication, as a suit in equity, when the decree was rendered.

One further suggestion only, made by the defendants against an affirmance of the decree, remains to be considered. It is claimed that before there can be a recovery against the defendants. the amount of debts owing by the bankrupt must be ascertained. This I do not consider necessary. The schedules which are filed as evidence show an indebtedness far in excess of the value of the goods. This certainly makes a prima facie case for recovery. The presumption is that all debts will be proved if there are assets for distribution. But, be that as it may, as the sale is void under the bankrupt law, and some debts have been proven, the assignee is entitled to his decree, leaving the defendant to make good his claim, if any he has, to any surplus that may remain after the debts are satisfied. It follows that the decree must be affirmed under the appeal of Lisberger.

The complainant has, however, appealed, and insists that the value of the goods was greater than was found by the district court. The evidence upon this branch of the case is quite unsatisfactory. It consists almost exclusively of the estimates of witnesses which are to my mind very unreliable. If the case had not been so long pending I would send it to a master, but it is very doubtful whether at this late day any more satisfactory testimony could be obtained than that which is now here. There is nothing to show what the general character of the stock was, whether new or shopworn; but when the order for its restoration to Lisberger was made, the goods were in the possession of the marshal, and subject to the inspection of all parties interested. At that time a bond with a penalty of eight thousand dollars was considered sufficient to protect the creditors against loss. Under these circumstances I am inclined to concur in the opinion of the district judge, and to adopt the valuation fixed for the purpose of the sale as the amount of the recovery.

As it seems to be conceded that the goods cannot be restored to the assignee, let a decree be prepared finding the sale to Lisberger void under the bankrupt law. and ordering him to pay the assignee $5,618$^{14}$/$_{100}$, with interest from May 16th, 1870, as the value of the goods in lieu of their delivery; and, in default, that execution issue as at law. As to the other defendants, the bill is dismissed without prejudice to the right of the complainant to proceed against them at law upon the bond in case it shall become necessary. Lisberger to pay all costs below and here.

[See Cases Nos. 12.053, 13.493, and 13,494.]

## Case No. 8,384.

### In re LISSBERGER.

[The case reported under above title. in 18 N. B. R. 230, is the same as Case No. 6,632a.]

LISSBERGER (HOLMES v.). See Case No. 6,632a.